12 F.3d 216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. WORSHAM, Sr., Plaintiff-Appellant,
v.
Jack PRICE; Betty Price; Horizon of Memphis, Inc.,
Defendants-Appellees.
 No. 92-6413.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1993.
 
 Before: GUY and RYAN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert L. Worsham, Sr., a pro se Tennessee plaintiff, appeals from the judgment for defendants in this action filed under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et seq. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Worsham was hired by the defendants as a part-time Director of Operations of their janitorial service on November 27, 1987, at the age of 67, and terminated on April 4, 1988. He filed a claim of race and age discrimination with the Equal Employment Opportunity Commission (EEOC), which issued him a right to sue notice on May 30, 1989. On October 26, 1989, Worsham filed a form complaint under Title VII, claiming race discrimination, and attached documentation of his EEOC claim. He testified at trial that he did not mention age in the body of his complaint because the form he received did not have any questions regarding age.
 
 
 3
 Defendants moved to dismiss on the ground that the race discrimination claim was untimely. Worsham responded that at least his age discrimination claim was timely. The matter was referred to a magistrate judge who recommended that the race discrimination claim be dismissed as not having been filed within ninety days of the right to sue letter. As to the age discrimination claim, the magistrate judge found that it was either timely raised in the complaint or could be construed as raised in the answer to the motion to dismiss, which would be timely if willful discrimination were shown to extend the statute of limitations to three years. The district court adopted this recommendation, but apparently read the magistrate judge's report as finding only the claim of willful discrimination to be at issue. After a bench trial, the district court found that there was no evidence of age discrimination, and therefore no willful discrimination, thus rendering the complaint untimely. Worsham appeals, arguing that the reason proffered by the defendants for his termination was shown to be false, that one of his witnesses was not properly subpoenaed, and that illness of the trial judge somehow prejudiced him. Defendants have requested an award of attorney fees and costs.
 
 
 4
 Upon review, we affirm the judgment in favor of defendants for reasons other than that relied on by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). We find that the complaint in this case should be liberally construed as raising an age discrimination complaint within the two year statute of limitations. See 29 U.S.C. Sec. 626(e)(1), incorporating 29 U.S.C. Sec. 255(a); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, we also find that Worsham failed to carry the ultimate burden of proof that his termination was motivated by age discrimination.
 
 
 5
 Assuming that Worsham established a prima facie case of age discrimination, the defendants proffered a legitimate non-discriminatory reason for his discharge, namely, loss of business. Worsham successfully cast doubt on the validity of this proffered explanation. However, rejection of the defendants' proffered reason does not compel a judgment for the plaintiff. The trier of fact must still decide whether the plaintiff has proven intentional discrimination. Saint Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 61 U.S.L.W. 4782, 4784 (1993); Galbraith v. Northern Telecom, Inc., 944 F.2d 275, 282-83 (6th Cir.1991), cert. denied, 112 S.Ct. 1497 (1992). In this case, the district court found that there was no evidence that age was a motivating factor in Worsham's termination. The question of discriminatory intent is a finding of fact subject to a clearly erroneous standard of review. See Krodel v. Young, 748 F.2d 701, 706 (D.C.Cir.1984), cert. denied, 474 U.S. 817 (1985). The finding of a lack of age discrimination is supported by the record in this case.
 
 
 6
 Worsham complains of the failure to serve a subpoena. However, he testified at trial that he addressed the subpoena to the former place of employment of the witness, whose address he did not know. Moreover, he has not explained what the witness would have testified to. His complaint of illness of the trial judge prejudicing his case is also not borne out by review of the transcript.
 
 
 7
 Because this appeal is not frivolous, defendants' request for attorney fees is denied. They may, however, be entitled to costs under Fed.R.App.P. 39(a). A bill of costs may be submitted for consideration within fourteen days of the entry of this order. Worsham will have ten days to respond.
 
 
 8
 The judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 WELLFORD, Senior Circuit Judge, concurring:
 
 9
 I would affirm the judgment for the defendants by the district court but for somewhat different reasons:
 
 
 10
 The magistrate judge's report in this case reflects that the plaintiff's complaint "alleged only racial discrimination under Title VII." (emphasis added). It was, in fact, styled "Complaint Under Title VII of the Civil Rights Act of 1964." It was brought against Jack Price, Betty Price, and Horizons of Memphis, Inc. It specified in item No. 9 that "because of plaintiff's race," he was terminated, without reference to any age discrimination claim. Indeed, Worsham had been employed by the defendant, Horizon of Memphis, Inc., at age 67, as he asserted, "Director of Operations." Price claimed an unlawful termination on April 8, 1988, and filed suit in October of 1989.
 
 
 11
 I would conclude that the plaintiff, evidently a man of some experience and who articulated well during his deposition, failed to state an ADEA cause of action. Even if the complaint were construed to set forth a claim through amendment, I would conclude that it did not survive the bar of the applicable limitations period. (The district court held that there was an absence of proof on the issue of willful discrimination.)
 
 
 12
 I would, therefore, enter judgment for the defendants without the necessity of going into the merits of the plaintiff's possible age discrimination claim. If the matter were properly at issue on the merits of such a claim. I would affirm for the reasons stated by the district court, and I would assess costs against the plaintiff.